## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MALIBU MEDIA LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>DOES 1–5,<br><br>                    Defendants. | Civil Action No. 12-1809 (BAH)<br><br>Judge Beryl A. Howell |

## STANDING ORDER FOR CIVIL CASES

### READ THIS ORDER CAREFULLY.  IT CONTROLS THIS CASE.

It is the responsibility of counsel and the Court to "secure the just, speedy, and inexpensive determination of every action and proceeding" in federal court.  FED. R. CIV. P. 1.  To ensure that this case is resolved fairly and without undue cost or delay, the Court directs all counsel to familiarize themselves with the Federal Rules of Civil Procedure (particularly Rules 16 and 26) and the Local Civil Rules of this Court.[1]

In order to administer this case in a manner consistent with the highest quality of justice, it is **ORDERED** that the parties comply with the following directives:

1.      **SERVICE OF COMPLAINT & STANDING ORDER; REMOVED ACTIONS**
        a.  <u>Service</u>.  The plaintiff must promptly serve the complaint on the defendant(s), in accordance with Federal Rule of Civil Procedure 4, file proof of service, in accordance with Local Civil Rule 5.3, and ensure that all parties receive a copy of this Standing Order.
        b.  <u>Removed Action</u>.  A defendant removing an action to this Court must refile as a supplement to the petition any answer or re-notice any pending motion, and promptly ensure that all parties receive a copy of this Standing Order.
        c.  <u>Disclosure Certificate</u>.  To facilitate the Court's determination of the need for recusal, in all civil or agency actions where a corporation is a party or intervenor, counsel of record for that party or intervenor shall file, in accordance with Federal Rule of Civil Procedure 7.1 and Local Civil Rules 7.1 and 26.1, a certificate listing for that party or intervenor any parent corporation, subsidiary or affiliate, which to the knowledge of counsel has any outstanding securities in the hands of the public, or any publicly held corporation owning 10% or more of its stock. Such certificate shall be filed at the time the party's first pleading is filed. Counsel shall have the continuing obligation to advise the Court of any change.

---

[1] The Local Civil Rules are available at http://www.dcd.uscourts.gov/dcd/rules-forms.

2.     **COMMUNICATIONS WITH CHAMBERS**

Except as authorized in this order, the parties may not contact chambers by telephone.  If extraordinary circumstances or emergencies require it, however, counsel should contact chambers jointly via telephone conference call to avoid *ex parte* communications.  Chambers will not provide legal advice of any kind.

3.     **DUTY TO CONFER; LOCAL CIVIL RULE 16.3(d) REPORT**

a.  Timing.  Generally, the parties must confer, pursuant to FED. R. CIV. P. 26(f), after any defendant first appears (whether by answer or by motion under FED. R. CIV. P. 12(b)). The parties must file the Joint Meet and Confer Report required by Local Civil Rule 16.3(d) *within fourteen days* after any defendant files an answer or, if dispositive motions are filed pursuant to FED. R. CIV. P. 12(b), *within fourteen days* after resolution of dispositive motions, unless the Court orders otherwise.

b.  Exempted Cases.  The requirement to confer and submit a Joint Meet and Confer Report does not apply to cases exempted by Local Civil Rule 16.3(b).  Nevertheless, counsel for parties in exempted cases shall jointly prepare and submit a statement to the Court indicating whether they believe the matter will be resolved solely through the filing of dispositive motions and proposing a schedule for the filing of such motions to the Court.  Counsel should also indicate whether or not they believe an appearance before the Court will be necessary prior to resolution of the dispositive motions.

c.  Report Contents. The Joint Meet and Confer Report in cases subject to Local Civil Rule 16.3(d) must address *all* matters listed in Federal Rule of Civil Procedure 26(f)(2) and Local Civil Rule 16.3(c), and include:

  i.   a brief statement of the case that describes the nature of the case, the identities of the parties, and the statutory basis of the Court's jurisdiction for all causes of action and defenses;

  ii.  a proposed scheduling order in accordance with Local Civil Rule 16.3(d); and

  iii. any request for a conference with the Court before entry of the scheduling order and, if so, a proposed agenda of matters to discuss at the initial status conference.

4.     **INITIAL STATUS CONFERENCE AND ISSUANCE OF SCHEDULING ORDER**

After submission of the Joint Meet and Confer Report, the Court will, if necessary, schedule an initial status conference to address matters, which are not addressed or not agreed to by the parties in the Joint Meet and Confer Report.  As soon as practicable after submission of the Joint Meet and Confer Report or following the Initial Status Conference, the Court will issue a scheduling order governing future proceedings, pursuant to Federal Rule of Civil Procedure 16(b) and Local Civil Rule 16.4.

5.     **MOTIONS - GENERALLY**

a.  Format.  Motions and submissions should be double-spaced, in 12-point, Times Roman font, with page numbers and margins of no less than 1 inch. All citations must include exact page references (pincites).  Pursuant to Local Civil Rule 7(e), memoranda of points and authorities in support of and in opposition to motions may not exceed 45 pages, and replies may not exceed 25 pages.

b.  Copy for Chambers.[2]  A courtesy copy, marked as such, must be provided to the Court for any submission that (a) is more than 20 pages; (b) is filed under seal[3]; or (c)

---

[2] This paragraph does not apply to *in camera* submissions.

relates to matters set for hearing *within the next 7 business days*.[4]  Before delivering
the courtesy copy to chambers, parties should file the original submission and, for
submissions relating to matters set for hearing, indicate the hearing date on the
courtesy copy and the delivery envelope.

c.  <u>Oral Argument.</u>  Pursuant to Local Civil Rule 7(f), parties may include a request for
oral argument in their motion or opposition or reply papers.  The Court will determine
whether argument will be heard, and if so, will advise counsel of the argument date.

d.  <u>Proposed Order.</u>  The parties must ensure that motions and related submissions
comply with Local Civil Rule 7.  A party filing or opposing a motion must include a
proposed order setting forth relief or action sought.  LCvR 7(c).

e.  <u>Summary Judgment Motions.</u> A party filing a motion for summary judgment must
include a statement of undisputed materials facts, and a party filing an opposition
thereto must include a statement of disputed material facts.  This Court strictly
enforces Local Civil Rule 7(h) when resolving motions for summary judgment and
will "assume that facts identified by the moving party in its statement of material
facts are admitted, unless such a fact is controverted in the statement of genuine
issues filed in opposition to the motion." LCvR 7(h).

f.  <u>Partial Dispositive Motions Disfavored.</u>  If the parties wish to file dispositive
motions, the Court *strongly prefers* that the parties refrain from filing "partial"
dispositive motions.  If either party wishes to file a dispositive motion, that motion
should present *all* legal issues that the party claims are capable of disposing of the
case at that stage of the proceedings.

6.  **MOTIONS FOR EXTENSION OF TIME OR RESCHEDULING HEARING**
Motions for extensions of time or for continuances of court proceedings are strongly
discouraged. The parties should work within the time frames set by order of the Court.

a.  <u>Timing and Content</u>. When good cause is shown, the Court will consider such a
motion that is filed *at least 4 days prior* to the deadline the motion is seeking to
extend or the scheduled hearing date[5] and states:

i.  the original date of the deadline the motion is seeking to extend or the scheduled
hearing date;

ii.  the number of previous extensions of time or continuances granted to each party;

iii.  the good cause supporting the motion;

iv.  the effect that the granting of the motion will have on existing deadlines;

v.  for motions, suggested deadlines (reached in consultation with the opposing
party) for the filing of any opposition and reply papers; for continuances, three
alternative dates and times that are convenient to all parties; and

vi.  the opposing party's position on the motion, including any reasons given for
refusing to consent, pursuant to Local Civil Rule 7(m).

b.  <u>Opposition</u>.  A party opposing a motion for an extension of time must file, **by 5:00
PM the day after the motion is filed, the party's reasons for opposing the
motion**.  If no such explanation is provided to the Court within this time frame, the
motion shall be deemed conceded.

---

[3] Parties must deliver a courtesy copy to chambers of any sealed submission on the day it is filed with the Court to
avoid any delay in receiving notice of the sealed matter.
[4] A "business day" is any day that is not a Saturday, Sunday, or "legal holiday" as defined by Federal Rule of Civil
Procedure 6(a).
[5] In the event of an emergency, the four-day rule may be waived, but counsel must still file a motion in writing.

7. **DISCOVERY DISPUTES**

The Court expects the parties to follow the requirements of Federal Rule of Civil Procedure 26 and Local Civil Rule 26.2.  Before bringing a discovery dispute to the Court's attention, the parties must confer in good faith in an attempt to resolve the dispute informally.  If the parties are unable to resolve the dispute, they shall contact chambers to arrange for a telephone conference with the Court.  Before filing a motion relating to a discovery dispute, a party must obtain leave of the Court.

8. **SETTLEMENT**

The Court expects the parties to evaluate their case for purposes of settlement and take steps accordingly.  Toward that end, the parties may contact chambers to request mediation (via a magistrate judge, a private mediator, or the Court's mediation program), arbitration, early neutral evaluation, summary jury trial, or any other form of alternative dispute resolution that may be tailored to the needs of the case. If the case settles, in whole or in part, the plaintiff's counsel must promptly alert the Court.

9. **JOINT PRETRIAL STATEMENT**

   a. <u>Timing</u>.  Pursuant to Local Civil Rule 16.5(a), the parties must file with the Court a Joint Pretrial Statement ***at least 14 days before the final pretrial conference or at another time that the Court may set***. The parties must submit to chambers a courtesy copy of the Joint Pretrial Statement.

   b. <u>Contents.</u>  In accordance with Local Civil Rule 16.5(b) and (d), the Joint Pretrial Statement must include:

      i. <u>a one-paragraph joint statement of the case</u> that is appropriate to be read to the jury and describes the nature of the case, the identities of the parties, and the statutory basis of the Court's jurisdiction for all causes of action and defenses;

      ii. <u>a statement of claims</u> setting forth each claim a party has against any other party;

      iii. <u>a statement of defenses</u> setting forth each defense raised by a party to a claim asserted against it;

      iv. <u>a list of witnesses</u> (including expert and rebuttal witnesses) scheduled to be called by each party, accompanied by a brief description of each witness' expected testimony and the anticipated time for such testimony on direct, followed by specific objections (if any) to each witness;

      v. <u>a list of exhibits</u>, followed by numbered copies of the exhibits, that each party intends to offer during trial (except that if the total number of pages exceeds 25, the parties should submit the exhibits in a separate binder);

      vi. <u>a designation of depositions</u> or portions thereof, identified by page and line number, to be offered in evidence by each party;

      vii. <u>an itemization of damages</u> setting forth each element of damages and the monetary amount thereof (including prejudgment interest, punitive damages, and attorney's fees) sought;

      viii. <u>a description of other relief</u> sought by each party;

      ix. <u>undisputed facts/stipulated facts</u>;

      x. <u>stipulations</u> concerning authenticity of documents and admissibility of exhibits (if no objections are lodged, the exhibit shall be deemed admitted);

      xi. <u>a description of each specific item of demonstrative evidence, physical evidence, or videotape evidence</u> that will be offered at trial and any objections; and

xii. a list of any motions *in limine* that are pending to address issues the parties reasonably anticipate will arise at trial. ***See infra ¶ 10 regarding the timing for briefing on motions* in limine**.

c. Jury Cases. In jury cases, the parties also must submit as part of the Joint Pretrial Statement:

   i. proposed *voir dire* questions that indicate:

      I. the *voir dire* questions on which the parties agree; and

      II. the *voir dire* questions on which the parties disagree, with specific objections noted below each disputed question and supporting legal authority (if any);

   ii. the text of each proposed jury instruction, that indicates:

      I. the instructions on which the parties agree;

      II. the instructions on which the parties disagree, with specific objections noted below each disputed instruction and supporting legal authority (if any); and

      III. the proposed instruction's source (e.g., Standardized Civil Jury Instructions for the District of Columbia) or, for modified or new instructions, their supporting legal authority.

      IV. The jury instructions section should be formatted so that each individual jury instruction begins on a new page.

   iii. a proposed verdict form, as well as proposed special interrogatories (if any), that includes a date and signature line for the jury foreperson.

d. Non-jury Cases. In non-jury cases, the plaintiff, or plaintiffs jointly, shall file proposed findings of fact and conclusions of law within three days of the close of evidence, and the defendant, or defendants jointly, shall file proposed findings of fact, which include specification of any facts proposed by the plaintiff that are admitted or controverted, and conclusions of law within five days of the close of evidence, unless otherwise ordered by the Court.

**10. MOTIONS IN LIMINE.**

a. Timing. Motions *in limine* shall be ***fully briefed at the time of filing of the parties' Joint Pretrial Statement***. Accordingly, the moving party's motion *in limine* and supporting memorandum shall be filed and served upon the opposing party ***at least 21 days*** before the Joint Pretrial Statement is due. The opposition shall be filed and served upon the moving party ***within 14 days*** of service of the motion *in limine*. Any reply shall be due ***within 7 days*** of service of the opposition. Oral argument on motions *in limine*, if necessary, shall occur at the Pretrial Conference.

b. Tardy Motions. The Court will entertain late motions for which there is a ***compelling*** explanation only if filed ***at least 8 days prior*** to the date set for jury selection. Oppositions to late motions must be filed ***at least 5 days prior*** to jury selection, and replies must be filed ***at least 4 days prior*** to jury selection. The Court will not consider motions *in limine* that relitigate issues already resolved by the Court.

c. Copy for Chambers. Counsel are to provide the Court with courtesy copies of any motions *in limine*.

11.    **TRIAL PROCEDURES**

The following rules are intended to ensure that the trial proceeds with efficiency, dignity, and congeniality.

a.    <u>Schedule</u>.  Unless the parties are otherwise notified, the Court will convene the jury portion of the trial from 9:30 AM to 12:30 PM and 1:45 PM to 5:00 PM, Monday through Friday.  The parties must be in the courtroom at least 5 minutes before court is scheduled to begin or resume.  If the trial is expected to last more than two weeks, the jury will not sit on Fridays.

b.    <u>General Courtroom Rules</u>.  The Court expects the parties to exercise civility at all times.  Unless leave is otherwise granted, counsel shall:

    i.    examine witnesses or address the jury from the lectern;

    ii.    obtain permission before approaching a hostile or adverse witness;

    iii.    stand when raising objections;

    iv.    remain seated when the jury is entering or leaving the courtroom;

    v.    remain in the courtroom once court is in session;

    vi.    direct all statements to the Court rather than to the opposing party; and

    vii.    refer to all witnesses, over the age of 18, including their clients, as "Mr." or "Ms." rather than first name or nickname.

c.    <u>*Voir Dire*</u>.  The Court will conduct *voir dire* and will consider proposed *voir dire* questions submitted by the parties.  Where warranted, the Court will allow the parties to propose additional questions of prospective jurors at the bench during *voir dire*.

d.    <u>Technical Equipment</u>.  Parties who would like to use technical equipment (e.g., overhead projectors, video display monitors) must contact the Courtroom Technology Administrator of the Clerk's office at (202) 354-3019 to arrange for the technical equipment to be in the Courtroom.

e.    <u>Motions or Objections During Trial</u>. With regard to motions to be resolved on the following trial day, the parties must submit motions to the Court (by fax transmission to (202) 354-3452, hand-delivery or e-mail[6]) and the opposing party by no later than 9:00 p.m. on the day the issue arises.  The opposing party must submit its response (if any) to the Court and the moving party by no later than 8:00 a.m. on the following trial day.  With regard to objections, the parties must state clearly and succinctly the legal basis for the objections.  To protect the record for appellate review, a party may explain or amplify its objections on the record after the jury has been excused.  Parties should not request bench conferences in lieu of filing motions or raising objections.  If a party plans to engage in a line of inquiry that requires judicial pre-approval, however, the party may seek a bench conference.

f.    <u>Jury Instructions</u>.  If events during trial necessitate the immediate giving of a *sua sponte* jury instruction, the party requesting the instruction must provide the Court with the text of the proposed instruction or else the Court will consider the request waived.

g.    <u>Witnesses</u>.  A party calling a witness must arrange for the witness' presence until cross-examination is completed.  Failure to have a witness present for cross-examination is grounds for striking the witness' testimony.  Except in extraordinary circumstances, the Court will not recess simply because a witness is

---

[6] Submission by e-mail should be addressed to Howell_Chambers@dcd.uscourts.gov, unless otherwise directed by the Court.

unavailable.  The Court will endeavor to accommodate out-of-town and expert witnesses if counsel alerts the Court ahead of time.   Additionally, parties are advised to avoid eliciting witnesses' personal identifiers such as social security numbers, financial account information, names of minor children, dates of birth and home addresses.  If such information inadvertently becomes part of the record, the parties may request redaction of such items.

h.     <u>Exhibits</u>.  Parties who plan to tender exhibits must provide an exhibit to the courtroom deputy.  Exhibits should be marked by number (1, 2, 3); groups of exhibits should be marked by number and letter (1A, 1B, 1C).

i.     <u>Closing Arguments and Final Instructions</u>.  The courtroom will be locked during jury instructions and no one will be permitted to enter or leave. In making closing arguments, counsel shall be limited by the evidence presented during trial and are reminded of the prohibition against appealing to the jurors' prejudices.  Moreover, during closing argument and throughout trial, counsel shall not:

i.     make statements of personal belief to the jury;

ii.    make personal attacks on other counsel in the case;

iii.   appeal to the self-interest of the jurors; or

iv.    make potentially inflammatory racial, ethnic, political or religious comments.

With regard to both opening statements and closing arguments, counsel are admonished not to make statements or arguments that will engender objections.  The Court will intervene *sua sponte* and not wait for objections if it observes the failure to adhere to basic legal principles and standards of civility.  Failure to abide by these rules may result in sanctions.

12.   **MOTIONS FOR RECONSIDERATION**

Motions to alter or amend judgment (commonly known as "motions for reconsideration") are strongly discouraged.  Such motions shall be filed only when the requirements of Federal Rules of Civil Procedure 59(c) and/or 60(b) are met.  Such motions and opposition thereto may not exceed 10 pages in length.  Replies, if any, may not exceed 4 pages.  The Court will not entertain a motion that: (a) reasserts arguments previously raised and rejected by the Court; or (b) raises for the first time arguments which should have been advanced in the original motion.

**SO ORDERED**.

DATE: November 8, 2012

/s/ *Beryl A. Howell*

BERYL A. HOWELL
United States District Judge